**Earl HURD, Petitioner,**

v.

**Arthur M. FREELAND, Respondent.**

**No. 42184.**

Supreme Court of Oklahoma.

Oct. 25, 1966.

Rehearing Denied Dec. 27, 1966.

Second Rehearing Denied March 21, 1967.

V. P. Crowe, D. Kent Meyers, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Harold Garvin, Duncan, for petitioner.

Charles Nesbitt, Atty. Gen., Rex Thompson, Asst. Atty. Gen., Oklahoma City, for respondent.

DAVISON, Justice.

This is an original proceeding by petitioner who seeks relief in the nature of quo warranto because of the alleged illegal appointment of the respondent as a member of the State Board of Pharmacy. The ultimate question to be decided is which of the two men, the petitioner or the respondent, is to presently remain as the qualified member of the State Board of Pharmacy.

The facts disclose that petitioner was duly and legally appointed by the then (former) Governor as a member of the Board of Pharmacy on July 27, 1961, to serve for a statutory period of five years (Term expired July 27, 1966); that in the latter part of March, 1966, the Secretary of the Oklahoma Pharmaceutical Association submitted to the Governor of the State of Oklahoma a list of ten names of qualified pharmacists to succeed the petitioner in office; that the name of respondent was not included in this list; that on August 9, 1966, the Governor appointed respondent to replace petitioner as a member of said Board.

The facts further disclose that respondent attended the meetings of the Board of Pharmacy on the 18th and 29th days of August, 1966; that the petitioner was not present at the August 18th meeting, but

appeared at the August 29th meeting by and through his attorney and asserted his position as still being the duly qualified member of the Board by reason of no successor having been legally appointed or qualified in his place and claimed to be the qualified member of the Board until such time as his successor is duly appointed and qualified.

The respondent relies on three propositions to retain his office, as follows:

I   "The Supreme Court should not assume original jurisdiction.

II   This court should not grant relief to Petitioner in the name of Quo Warranto.

III   That respondent is qualified within the purview of the Statute. 59 O.S.1961, Sec. 353.3–353.4."

In answer to the first proposition this court is of the opinion that the cause is of such a nature and of sufficient public interest that we should assume original jurisdiction. The proceeding is one in the nature of quo warranto and a cause in which this court may assume original jurisdiction. Jarman v. Mason, 102 Okl. 278, 229 P. 459; Welch v. Key, Okl., 365 P.2d 154. Article 7, Sec. 2, of the Constitution of Oklahoma.

In order to discuss the other propositions relied on by respondent it is essential that we set forth the pertinent parts of the statutes involved in the present controversy. They are as follows:

Title 59 O.S.1961, § 353.3, reads as follows:

"The Board of Pharmacy shall consist of five (5) persons who have been registered not less than five (5) years, who are members of the pharmaceutical association and actively engaged in the practice of retail pharmacy within this State for a period of not less than five (5) years, who shall be appointed by the Governor, by and with the advice and consent of the Senate, from a list of names elected by vote of the members of the pharmaceutical association, voting to be done by mail ballot; Provided: the provisions of this Section shall not apply to present members of the Board of Pharmacy."

Title 59 O.S.1961, § 353.4, is as follows:

"Annually the Secretary of the Oklahoma Pharmaceutical Association shall submit to the Governor the names of the ten (10) persons who have been elected as provided in the foregoing section, and from this list the Governor shall appoint one member to fill the vacancy annually occurring on the Board of Pharmacy and the vacancies occurring from other causes shall be filled in like manner. No person shall be appointed to the Board of Pharmacy who habitually uses intoxicating beverages, or habit forming drugs; Provided: That the Governor shall appoint one additional member to the present Board whose term shall be for five (5) years commencing on the 30th day of June following the adoption of this Act. Each year following the adoption of this Act and as the present board members' terms expire their successor shall be appointed for a term of *five (5) years and shall serve until their respective successors are appointed and qualified; Provided: That the term of one member of the Board shall expire on the 30th day of June each year.*" (emphasis ours)

The respondent argues that under Title 59, Sec. 353.4, supra, the petitioner could not be a holdover. Respondent relies on the last line of said statute which provides "that the term of one member of the board shall expire on the 30th day of June of each year." There is no question that the term of a board member expires on June 30th of each year and that the Governor could fill the vacancy immediately thereafter by appointing a *legally qualified* member to the State Board of Pharmacy.

This argument of respondent must fail, however, under the facts in the present case for the reason that no *legally qualified* person has been appointed to fill the ques-

tioned vacancy. The statute, Title 59 O.S. 1961, § 353.4, supra, specifically provides that the members of the Board "shall be appointed for a term of five (5) years, and *shall serve until their respective successors are appointed and qualified.*" (emphasis ours)

The case of Welch v. Key (Okl.1961), 365 P.2d 154, is decisive of the above question. In that case the then Governor had appointed two individuals as members of the State Election Board who were not on the list submitted to him by the State Central Committees of the two political parties casting the highest number of votes at the previous last election, as required by Title 26 O.S.1951, Sec. 12. In that case, this court assumed original jurisdiction, and stated:

> "Inasmuch as the appointments of plaintiffs Welch and Gibson were not made as provided by law and such law does not contravene the Constitution of Oklahoma, we hold the appointments of plaintiffs Welch and Gibson were ineffective and they are not the legal and qualified members of the State Election Board."

In the Welch v. Key case, supra, it was also pointed out that Article 3, Section 4, of the Oklahoma Constitution, provides that "The Legislature shall enact laws creating an election board" and that "the power to create a board carries with it the right to determine how the members of the board shall be selected and appointed."

■ In the present case it should be pointed out that Article 5, Section 39, of the Oklahoma Constitution, also provides for the creation of the Oklahoma State Board of Pharmacy by the Legislature. Again it is appropriate to state that the power to create a board carries with it the right to determine how the members of the board shall be selected and appointed.

The respondent also argues that when the petitioner missed the first meeting of the Board which was held on August 18, 1966, (9 days after appointment of respondent) and also the next meeting which was held on August 29, 1966, this constituted abandonment of his office.

It is the contention of petitioner that he has never had any intention of abandoning his office. Petitioner states that he was unable to attend the first meeting last above referred to and that at the next meeting of the Board the petitioner appeared before said Board by and through his attorney and asserted that he was still a member of the Board but was unable to be present and requested the Board to recognize petitioner as a member of the Board until his successor was lawfully appointed and qualified as such.

■ ■ Under the above facts we are of the opinion and hold that petitioner did not abandon the office. There was no apparent intention on his part to abandon the office. Neither was there sufficient facts to disclose any form of acquiescence on petitioner's part to give up the office. Abandonment of office is a matter of intent or acquiescence. 43 Am.Jur. (Public Officers) Sec. 173; 67 C.J.S. Officers § 56 a & c. In the instant case there was no unreasonable delay on the part of the petitioner in asserting his right to the office. Petitioner filed his request for relief with dispatch, filing same September 1, 1966.

■ We conclude that the respondent was not appointed to the Oklahoma State Board of Pharmacy in accordance with Title 59 O.S.1961, §§ 353.3 and 353.4, and is not the legal and qualified member of the Board, and that petitioner is the person still qualified to serve on the Board until such time as his successor is legally appointed and qualified for the office.

We so hold and the writ is granted.